**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                              :
ALQUAN MUSLIM,                :
                              :    Civil Action No. 07-1135 (JAG)
            Petitioner,       :
                              :
       v.                     :         O P I N I O N
                              :
MICHAEL R. RICCI, et al.,     :
                              :
            Respondents.      :
_____:
```

**APPEARANCES:**

Alquan Muslim, Pro Se
#295891/640762-B
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Lucille M. Rosano
Special Deputy Attorney General
Essex County Courts Building
50 West Market Street
Newark, NJ 07102
Attorney for Respondents

**GREENAWAY, JR., District Judge**

Petitioner, Alquan Muslim, seeks the issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner requested that his petition be stayed while he pursues state court exhaustion. This Court has considered all submissions. For the reasons set forth below, this Court finds that the petition contains unexhausted claims, and is a "mixed petition."

At this juncture, a stay would not be appropriate. The petition will be dismissed, without prejudice, for failure to exhaust.

## **BACKGROUND**

The following facts are taken from Petitioner's Petition, Brief, and Respondent's opposition.

Petitioner was convicted after a jury trial in the Superior Court of New Jersey, Law Division, Essex County of murder, aggravated assault, and weapons charges. On November 12, 1997, he was sentenced to a term of imprisonment of 38 ½ years to life.

Petitioner appealed his conviction and sentence. The Superior Court of New Jersey, Appellate Division ("Appellate Division") affirmed the convictions and sentence on October 20, 1999. Petitioner's petition for certification to the New Jersey Supreme Court was denied on February 3, 2000. See State v. Bryant, 163 N.J. 74 (2000).[1]

Petitioner filed his first post-conviction relief ("PCR") motion in the state court on April 13, 2000. After an evidentiary hearing, the PCR motion was denied on September 15, 2003. Petitioner appealed the denial to the Appellate Division, which affirmed the denial on January 24, 2006. The New Jersey Supreme Court denied Petitioner's petition for certification on April 4, 2006. See State v. Bryant, 186 N.J. 604 (2006).

---

[1] Petitioner's name is documented throughout the state court proceedings as "Alton Bryant."

2

On May 1, 2006, Petitioner filed a second PCR motion in state court. The trial court denied the motion on March 16, 2007. Petitioner then appealed the second PCR motion. The appeal is still pending in the Appellate Division.

On March 9, 2007, during the pendency of the second PCR motion, Petitioner, concerned that the statute of limitations for a federal habeas petition would run and he would be denied relief, filed this action. (Docket entry 1.) Although filed by the Court on March 9, 2007, the Petition is deemed to have been filed on February 20, 2007, the date Petitioner signed the petition. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1999) ("a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court") (citing Houston v. Lack, 487 U.S. 266 (1988)).

On May 8, 2007, this Court issued an Order, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify Petitioner of the consequences of filing a § 2254 petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244 (1996), and to give Petitioner an opportunity to file one all-inclusive § 2254 Application. (Docket entry 2.)

Petitioner responded to the Mason order by stating that he still had constitutional issues pending in state court. He also stated that he would like this Court to stay his petition and hold it in abeyance, while he exhausted state court remedies.

(Docket entry 4.)  Thus, this Court ordered service of the petition upon Respondents so that the stay issue could be addressed.  (Docket entry 5.)

On November 15, 2007, Respondents filed a response in opposition to Petitioner's request for the issuance of a stay. (Docket entry 10.)  On December 17, 2007, Petitioner filed a brief outlining his claims.  (Docket entry 13.)

Petitioner raises the following claims for relief in his habeas petition:[2]

1. The trial court erred by refusing to excuse for cause juror Helen Moore since she was a corrections officer at the Essex County Jail.  **(Raised on direct appeal.)**

2. Defendant's right to a fair trial was violated when the trial court allowed Barlow to testify about other crimes evidence.  **(Raised on direct appeal.)**

3. The state's misconduct deprived the defendant of a fair trial.  **(Raised on direct appeal.)**

4. Defendant's motion for a mistrial should have been granted because of a state witness's disruptive behavior.  **(Raised on direct appeal.)**

5. The trial court failed to instruct jurors that before they could consider defendant's alleged out of court oral statements to Barlow, they must first find such statements to be credible.  **(Raised on direct appeal.)**

6. The trial judge erred in admitting hearsay evidence under the "present sense impression" exception to the hearsay rule.  **(Raised on direct appeal.)**

---

[2] Petitioner refers to himself as "defendant".  Also, in bold is the state court proceeding in which each claim was presented to the state courts.

4

7. Defendant should have been allowed to introduce the sworn police statement of Scott, an eyewitness. **(Raised on direct appeal and in first PCR motion.)**

8. The trial judge improperly denied the request for a Clawans charge. **(Raised in first PCR motion.)**

9. The trial judge should have recused himself from presiding over the trial. **(Raised in first PCR motion.)**

10. Petitioner was denied effective assistance of trial counsel. **(Raised in first and second PCR motions.)**

11. Petitioner was denied effective assistance of appellate counsel. **(Raised in first and second PCR motions.)**

12. The state's knowing use of perjured testimony constitutes a Brady violation and prosecutorial misconduct. **(Raised in first PCR motion.)**

13. The trial judge violated defendant's rights to a fair trial by giving a charge of renunciation as to attempted murder which shifted the burden of proof to defendant and placed defendant at the crime scene when defendant has repeatedly expressed his complete innocence. **(Raised in first PCR motion.)**

14. While charging the jury [on] the credibility of [a] witness, the judge [improperly] commented on defendant's right to testify. **(Raised in first PCR motion.)**

(Petition, ¶ 12).

Respondents claim that Ground Two was not presented to the state courts; however, it appears that it was raised on direct appeal. Respondents also claim that Grounds Ten and Eleven have not been fully presented to the state courts yet. It appears that these claims are currently being reviewed by the state

5

courts, pursuant to Petitioner's second PCR motion. As such, these claims are currently unexhausted.

## DISCUSSION

### A. Exhaustion

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or . . . circumstances exist that render such process ineffective . . . ."[3] See 28 U.S.C. § 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. See

---

[3] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and more recently was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519. Moreover, the exhaustion doctrine is a "total" exhaustion rule; that is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed' petitions)]." Lundy, 455 U.S. at 522.

At the time Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions. The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions, see 28 U.S.C. § 2244(d), however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'" Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004)(quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)). Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court.

"Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews, 360 F.3d at 151. Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could

7

jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

The Supreme Court of the United States has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances. ... [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
> ...
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. . . . For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted). Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278; see also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the

petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court.  If a petitioner fails to meet either time-limit, the stay should be vacated *nunc pro tunc*.") (citations omitted).

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  See Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. See Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. See id. at 277.

Here, this Court agrees with the parties that Petitioner presents a "mixed petition." (See Docket entry 4, Petitioner's response to Mason order.) Claims remain pending in the second PCR motion (dismissed as untimely, procedurally barred, and on the merits in the PCR court), which are currently on appeal to the state Appellate Division. Accordingly, this Court must determine whether to stay or dismiss this mixed petition.

**B.  If the state appellate courts deem Petitioner's second PCR motion timely-filed, the limitations period will be tolled, and a *Rhines* stay is unnecessary.**

Here, Petitioner was convicted on November 12, 1997. The Appellate Division affirmed Petitioner's conviction on October 20, 1999. The New Jersey Supreme Court denied the petition for certification on February 3, 2000. For purposes of the one-year limitations period for habeas actions, see 28 U.S.C. § 2244(d),

10

Petitioner's convictions became final on or around May 3, 2000.[4] Thus, the one-year limitations period for filing a federal habeas petition would not expire until May 2, 2001.

However, the one-year limitations period for filing a § 2254 habeas action is tolled during the time in which a properly filed PCR motion is pending in state court.[5] Petitioner's first PCR petition was filed on April 13, 2000, prior to the date his conviction became final (May 3, 2000). The PCR petition remained pending until April 4, 2006, when the New Jersey Supreme Court denied certification. Thus, although Petitioner's conviction became final in May of 2000, his limitations period was tolled

---

[4] A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the Supreme Court of the United States. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. In this case, 90 days after February 3, 2000.

[5] An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, and through the time in which an appeal could have been filed, even if the appeal is never filed. See Carey v. Saffold, 536 U.S. 214 (2002); Swartz v. Meyers, 204 F.3d at 420-24. However, "the time during which a state prisoner may file a petition for writ of certiorari in the [Supreme Court of the United States] from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

until April 4, 2006. Because he filed the PCR motion prior to his conviction becoming final, the one-year federal habeas limitations period had not begun until April 4, 2006.

On May 1, 2006, twenty-six days after his first PCR motion was denied certification by the New Jersey Supreme Court, Petitioner filed his second PCR motion. That motion remains pending, in the Appellate Division, as of the date of this opinion. Thus, the time period from May 1, 2006, until today, remains tolled for purposes of the running of the one-year habeas limitations period. The limitations period shall start to run after the Appellate Division, and the New Jersey Supreme Court, rule on Petitioner's second PCR motion.[6]

In order to remain timely, Petitioner's habeas petition must be filed within 339 days after the New Jersey Supreme Court issues a decision on his petition for certification, or otherwise completes review of his second PCR motion. This Court finds that Petitioner's right to federal habeas relief is not impaired by the one-year limitations period, and a stay, pursuant to Rhines, would be inappropriate.

---

[6] According to this Court's calculation, Petitioner has only expended 26 days of his one-year (365 day) limitations period (April 4, 2006 to May 1, 2006 = 26 days).

**C. If the state appellate courts deem Petitioner's second PCR motion untimely, it is not "properly filed" for purposes of tolling the habeas limitations period.**

In Petitioner's case, the state PCR court has held that Petitioner's second PCR motion is untimely, procedurally barred, and meritless. Those findings are currently on appeal.

As noted, an application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, and through the time in which an appeal could be filed, even if the appeal is never filed. See Carey v. Saffold, 536 U.S. 214 (2002); Swartz v. Meyers, 204 F.3d 417, 420-24 (3d Cir. 2000).

The Supreme Court of the United States recently addressed the question of whether a state application for post-conviction relief is "properly filed" if it is ultimately determined to have been untimely. "In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).

In this case, Petitioner's second PCR motion may be considered "properly filed" if the appellate courts disagree with the second PCR court's finding that the neglect to file timely

was excusable, or for other articulated reasons under state law. See N.J. Ct. R. 3:22-12(a); State v. Mitchell, 126 N.J. 565 (1992); State v. Cummings, 321 N.J. Super. 154, 168-71 (App. Div.), certif. denied, 162 N.J. 199 (1999).

However, if the state courts determine that the second PCR motion was untimely under state law, i.e., it was not "properly filed," the § 2254 limitations period shall not be statutorily tolled. This is so even if the state appellate courts address the merits, as did the second PCR court. See Carey v. Saffold, 536 U.S. 214, 226 (2002) ("If the California Supreme Court had clearly ruled that Saffold's 4 1/2-month delay was 'unreasonable,' that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits."); Brooks v. Walls, 301 F.3d 839, 841 (7th Cir. 2002) ("both aspects of a dual-ground decision (substance and procedure) must be respected").

Therefore, under these circumstances, Petitioner's habeas petition would not be tolled during the pendency of the second PCR motion; that is, from May 1, 2006 until present. As noted in this opinion, Petitioner's habeas petition was deemed to have been filed in this Court on February 20, 2007 (the date Petitioner signed it). The filing of this action was well within the one-year limitations period, which started on April 4, 2006,

14

and would end on April 3, 2007 (365 days).  Petitioner actually had 52 days to spare at the time he filed this petition.

In examining this scenario, a <u>Rhines</u> analysis to determine whether or not a stay should issue is necessary.  If this Court dismisses the petition for failure to exhaust at this point, Petitioner would face a statute of limitations impediment upon completion of exhaustion.  It is likely that Petitioner's appeal of his second PCR motion to the Appellate Division and the New Jersey Supreme Court would take more than the 52 days Petitioner has remaining on his limitations period.  As mentioned, the time period during the appeals of the second PCR motion are not tolled for purposes of the habeas limitations period if the state courts determine that the petition was filed untimely; thus, the time period during the appeals of the second PCR motion would count towards the limitations period.

As set forth above, in <u>Rhines</u>, the Supreme Court held that a:

> . . . stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in the state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

<u>Rhines</u>, 544 U.S. at 277.

In this case, Petitioner's unexhausted claims concerning ineffective assistance of counsel could have been raised in

Petitioner's first PCR motion.  Petitioner does not claim that the facts asserted regarding his ineffective assistance of counsel claims were not known to him at the time of his first PCR motion.  Thus, he cannot demonstrate that his failure to exhaust these claims was for "good cause."

Furthermore, Petitioner's claims concerning ineffective assistance of counsel appear to be meritless.  Citing Strickland v. Washington, 466 U.S. 668 (1984),[7] the PCR court found that counsel's actions complained of by Petitioner were strategic in nature, and did not satisfy the Strickland criteria.  This Court has examined Petitioner's claims, as set forth in his brief, and the PCR court's decision.  Petitioner has not demonstrated good cause for failure to exhaust these issues, nor does it appear that Petitioner's claims have merit.  A stay would be inappropriate.[8]

---

[7] In Strickland, the Supreme Court of the United States held that in order to succeed on an ineffective assistance of counsel claim, Petitioner must establish that counsel's performance was deficient, and that but for those deficiencies, the outcome of the trial would have been different.  See Strickland, 466 U.S. at 687.

[8] As Petitioner's habeas petition is timely filed, Petitioner may opt to withdraw these unexhausted claims and continue with the petition without the claims.

**CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). After denial of a habeas petition on procedural grounds, a COA should issue when "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find this Court's procedural disposition of this case debatable. No certificate of appealability will issue.

**CONCLUSION**

The instant petition will be dismissed, without prejudice, for failure to exhaust state court remedies. An appropriate Order follows.

                                            S/Joseph A. Greenaway, Jr.
                                            JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: October 27, 2008